**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| BROOKS LAW FIRM,<br><br>Plaintiff,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendant. | Civil Action No. 26-749<br><br>**PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT** |

## INTRODUCTION

1. This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and seeks declaratory and injunctive relief to remedy Defendant U.S. Citizenship and Immigration Services' ("USCIS") failure to make a timely determination on, and produce nonexempt records responsive to, Brooks Law Firm's August 25, 2026 request concerning the Providence Field Office, Control Number COW2026005942 (the "Request").
2. The Request seeks records concerning N-400 interview inventory, scheduling capacity, staffing, workload, and local implementation at the Providence Field Office in Johnston, Rhode Island. Plaintiff seeks these records to understand naturalization interview delays, inform the public, and assist its representation of naturalization applicants.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331, and authority to enjoin the withholding of agency records and order their production.
4. Venue is proper under 5 U.S.C. § 552(a)(4)(B) because, upon information and belief, agency records responsive to the Request are situated in this District. The

Request specifically seeks operational records maintained by the Providence Field Office, located at 1543 Atwood Avenue, Johnston, Rhode Island 02919, including records of that office's leadership, naturalization supervisors, scheduling personnel, staffing, and workload. These local records form a substantial part of the Request, which also encompasses Providence-related records held by supervising USCIS offices.

5. Because USCIS failed to comply with FOIA's applicable time limit for making a determination on the Request, Plaintiff is deemed to have exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

**PARTIES**

6. Plaintiff Brooks Law Firm is a Massachusetts corporation with its principal place of business in Medford, Massachusetts. Plaintiff submitted the Request through its attorney, Carl Hurvich, and has been denied timely access to the requested agency records.

7. Defendant U.S. Citizenship and Immigration Services is a component of the U.S. Department of Homeland Security and an agency within the meaning of 5 U.S.C. § 552(f)(1). USCIS adjudicates applications for naturalization and maintains the Providence Field Office in Johnston, Rhode Island. USCIS has possession or control of the agency records sought in the Request.

**LEGAL BACKGROUND**

8. FOIA requires an agency, upon a properly submitted request that reasonably describes agency records, to make nonexempt responsive records promptly available. 5 U.S.C. § 552(a)(3)(A). An agency must conduct a search reasonably calculated to uncover responsive records. *Oglesby v. U.S. Department of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

9. An agency must determine whether to comply with a request within twenty days, excluding Saturdays, Sundays, and legal public holidays, and notify the

requester of its determination and the reasons for it. 5 U.S.C. § 552(a)(6)(A)(i). A determination requires more than acknowledgment of receipt; it must communicate the scope of the records the agency intends to produce and withhold. *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180, 186 (D.C. Cir. 2013).

10. An agency may invoke unusual circumstances through written notice stating the circumstances and the date on which a determination is expected, ordinarily extending the time limit by no more than ten working days. 5 U.S.C. § 552(a)(6)(B)(i). DHS regulations require that notice before expiration of the twenty-working-day period. 6 C.F.R. § 5.5(c).

11. A requester is deemed to have exhausted administrative remedies when the agency fails to comply with the applicable time limit. 5 U.S.C. § 552(a)(6)(C)(i).

12. FOIA requires disclosure of reasonably segregable nonexempt portions of responsive records. 5 U.S.C. §§ 552(a)(8)(A)(ii), 552(b). Withholding must also satisfy the foreseeable-harm or prohibited-by-law requirements of 5 U.S.C. § 552(a)(8)(A)(i).

**FACTUAL ALLEGATIONS**

13. On August 25, 2026, Plaintiff submitted the Request through USCIS's online FOIA Immigration Records System ("FIRST"). USCIS assigned Control Number COW2026005942. A copy of the Request is attached as Exhibit A.

14. The Request concerns the Providence Field Office's N-400 operations. It also seeks records of the Boston District Office, Northeast Region, and Field Operations Directorate headquarters to the extent those components supervise, issue instructions concerning, or maintain records concerning the Providence Field Office's N-400 work. This action concerns only that Request.

15. Unless otherwise specified, the Request covers October 1, 2023 through the date USCIS begins its search, including N-400 work assigned to, transferred into, or

transferred out of the Providence Field Office. It seeks non-A-File operational records and excludes applicant-identifying material.

16. The requested categories include inventory and aging reports; interview calendars and capacity records; interview-notice and appointment statistics; staffing plans; officer-hour and workload allocations; overtime and funding decisions; reassignments and resource shifts; operative scheduling, queue, hold, and priority instructions; local implementation materials; performance and corrective-action records; final meeting and decision records; and targeted email and official-message communications. Exhibit A at 1–3.

17. The Request identifies functional custodians and repositories reasonably likely to contain responsive records, including Providence Field Office leadership, naturalization supervisors, scheduling and staffing personnel, official email and messaging systems, shared drives, reporting systems, dashboards, and scheduling and workload records. It supplies minimum communication search terms. Exhibit A at 2–3.

18. Plaintiff requested electronic production and allowed other reasonably usable formats to avoid delay. Plaintiff requested a fee waiver and, alternatively, authorized properly assessable fees up to $250. Exhibit A at 3–5.

19. Plaintiff explained that it would publish an office-specific analysis of the Providence Field Office's inventory, interview capacity, staffing, overtime, competing workloads, and local implementation, and make the findings and responsive records or links available without charge. Exhibit A at 5.

20. Plaintiff received no initial FOIA response or acknowledgment letter for the Request. In particular, Plaintiff received no written notice invoking unusual circumstances or extending the determination deadline under 5 U.S.C. § 552(a)(6)(B). No such extension was invoked for this Request.

21. USCIS has not requested clarification or fee-related information that would toll the determination period, and Plaintiff has not agreed to an alternative determination schedule.

22. The FIRST status printout dated October 13, 2026 identifies the submission date as August 25, 2026, lists the Request's status as "Submitted," places it at 382 of 678 pending requests, and displays an estimated completion date of October 2, 2026. A copy of that printout is attached as Exhibit B.

23. The portal's receipt indicator and estimated completion date do not state a determination on the Request, identify records USCIS will produce or withhold, or provide written notice of an unusual-circumstances extension.

24. The twenty-working-day period following August 25, 2026 expired on September 23, 2026, excluding Saturdays, Sundays, and the Labor Day holiday. USCIS did not make a determination within that period.

25. As of October 13, 2026, USCIS has neither communicated a determination on the Request nor produced responsive records. Plaintiff continues to be deprived of access to the requested information.

**COUNT ONE**

**Failure to Make a Timely Determination**

26. Plaintiff incorporates the foregoing allegations as though fully set forth here.

27. USCIS was required to determine whether to comply with the Request within twenty working days and notify Plaintiff of its determination. 5 U.S.C. § 552(a)(6)(A)(i). USCIS did not invoke a written unusual-circumstances extension for this Request.

28. USCIS's failure to make and communicate a timely determination violates 5 U.S.C. § 552(a)(6)(A)(i), and Plaintiff is deemed to have exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

**COUNT TWO**

**Failure to Conduct an Adequate Search**

29. Plaintiff incorporates the foregoing allegations as though fully set forth here.

30. The Request reasonably describes the records sought and identifies relevant offices, custodians, repositories, date ranges, and search terms. USCIS must conduct a search reasonably calculated to uncover responsive agency records. 5 U.S.C. § 552(a)(3)(A), (C).

31. Upon information and belief, USCIS has failed to conduct an adequate search for the requested records. USCIS has produced no records or determination, and its October 13, 2026 portal status continues to identify the Request as "Submitted." Its failure to conduct an adequate search violates FOIA.

**COUNT THREE**

**Improper Withholding of Agency Records**

32. Plaintiff incorporates the foregoing allegations as though fully set forth here.

33. Plaintiff has a statutory right to nonexempt agency records responsive to the Request. USCIS has possession or control of responsive operational records and has produced none of them.

34. USCIS's continuing failure to make nonexempt responsive records promptly available constitutes improper withholding in violation of 5 U.S.C. § 552(a)(3)(A). This Court may enjoin that withholding and order production under 5 U.S.C. § 552(a)(4)(B).

**COUNT FOUR**

**Failure to Release Reasonably Segregable Information**

35. Plaintiff incorporates the foregoing allegations as though fully set forth here.

36. USCIS must release reasonably segregable nonexempt portions of responsive records, even if other portions are exempt from disclosure. 5 U.S.C. §§ 552(a)(8)(A)(ii)(II), 552(b).

37. Plaintiff expressly requested redaction of applicant-identifying information and production of the remaining operational, scheduling, capacity, staffing, and aggregate portions. USCIS has produced no reasonably segregable portions of responsive records.

38. To the extent USCIS withholds responsive records containing exempt information, its failure to release reasonably segregable nonexempt portions violates 5 U.S.C. §§ 552(a)(8)(A)(ii)(II), 552(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

39. Declare that USCIS's failure to make and communicate a timely determination on the Request violates FOIA;

40. Order USCIS to make a determination on the Request and conduct a search reasonably calculated to locate all responsive records;

41. Order USCIS to produce promptly all nonexempt responsive records and reasonably segregable nonexempt portions, on a schedule established by the Court;

42. Require USCIS to provide sworn declarations sufficient to establish the adequacy of its search and justify any withholding, including the asserted exemptions, foreseeable harm where required, and segregability;

43. Retain jurisdiction to ensure compliance with the Court's orders;

44. Award reasonable attorney's fees and other litigation costs to the extent authorized by 5 U.S.C. § 552(a)(4)(E); and

45. Grant such further relief as the Court deems just and proper.

Respectfully submitted,
BROOKS LAW FIRM,
By its attorney,

/s/ Carl Hurvich, Esq.
Carl Hurvich, Esq. (RI Bar No. 9740)
Brooks Law Firm
10 High Street, Suite 3
Medford, MA 02155
Telephone: (617) 245-8090
Fax: (617) 245-8088
Email: Carl@BrooksLawFirm.com

Dated: October 13, 2026